**ENCORE BUILDERS, Appellant,**

v.

**Tim J. WELLS and Linda Wells,
Appellees.**

No. 1945 cv.

Court of Appeals of Texas,
Corpus Christi.

May 27, 1982.

Virgil Howard, Corpus Christi, for appellant.

Gaston M. Broyles, Jr., Douglas E. Chaves, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from an entry of default judgment. Appellees sued appellant and Scottey's Roofing for damages sustained by their house during a heavy rainstorm totaling $7,159.75. Appellees alleged in their original petition that appellant had built the home and had subcontracted the roof to Scottey's Roofing. Appellees further alleged that appellant was "a business located at 5794 Weber Road, Corpus Christi, Nueces County, Texas, whose agent for service of

process is Mike Catero..." Appellees had no address for Scottey's Roofing. Following the filing of the original petition service was thereafter had on Mike Catero as agent for appellant. Appellant did not answer the lawsuit and an interlocutory default judgment was taken by appellee. The trial court thereafter granted appellees' motion to non-suit Scottey's Roofing and finalized the judgment as it pertained to appellant. In one of his two points of error on appeal, appellant questions the sufficiency of the service of process. We agree with appellant that the record does not show service of process sufficiently to sustain the default judgment entered against appellant.

Appellant has herein directly attacked the judgment of the trial court by writ of error. In contrast, to the usual rule that all presumptions including service of process will be made in support of a judgment, no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965). The relevant question is whether the trial court had jurisdiction to enter the default judgment. *Crook v. Teitler*, 584 S.W.2d 356 (Tex.Civ.App.—Tyler 1979, no writ). Jurisdiction of the defendant's person must affirmatively appear by either a showing of an appearance by the defendant or a showing of due service of citation independent of the recitals in the judgment. *H. L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62 (Tex.Civ.App.—Austin 1979, no writ). In order to show due service of citation, the plaintiff must show compliance with the Rules of Civil Procedure in the issuance of citation, the manner and mode of service and the return of service. *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Hanover Modular Homes of Taft v. Corpus Christi B & T*, 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ). If service is made on an agent, this entails an affirmative showing that the person served was in fact the agent for service of process. *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, supra; Bankers Life & Casualty Company v. Watson*, 436 S.W.2d 404 (Tex. Civ.App.—Tyler 1968, writ ref'd n. r. e.).

In the instant case appellees allege in their petition only that appellant was a business and that Mike Catero was appellant's agent for service of process. Nowhere in the pleadings or in the record does appellee even so much as intimate what type of business entity appellant is or what authority Mike Catero possesses to act as agent for service of process. The pleadings and the record are not supportive of any affirmative showing that Mike Catero was in fact the agent for service of process for appellant. A naked allegation of agency alone will not support rendition of a default judgment. [*White Motor Co. v. Loden*, 373 S.W.2d 863 (Tex.Civ.App.—Dallas 1963, no writ).] The trial court erred in granting appellee's motion for interlocutory default judgment against appellant.

This problem will not arise on remand since appellant's appearance in pursuing this writ of error will suffice for appellant's having entered an appearance at the trial court level for all further proceedings. *Mega v. Anglo Iron & Metal Co., supra; Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, supra.*

Judgment of the trial court is REVERSED and the cause is REMANDED.