**David C. LEACH, Appellant,**

v.

**CITY NATIONAL BANK OF
LAREDO, Appellee.**

No. 86–00356–CV.

Court of Appeals of Texas,
San Antonio.

May 27, 1987.

Mark D. Willett and Belinda Mendez,
Laredo, for appellant.

Gustavo T. Quintanilla, Laredo, for appellee.

Before ESQUIVEL, CANTU and
REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a default judgment entered against the appellant, David C. Leach, on a promissory note owed to appellee, The City National Bank of Laredo (Bank).

The promissory note, payable to the Bank in the amount of $45,000.00, was executed by Leach on March 6, 1985, and secured by a lien on a 1976 Seneca aircraft owned by him. The record indicates that Leach defaulted on the note by failing to maintain required insurance coverage. The Bank repossessed the aircraft and on September 11, 1985, made demand on Leach for payment in full of the balance on the note. The demand letter was returned to the Bank unclaimed.

In a letter dated September 16, 1985, attorney Mark D. Willett advised the Bank that he had been retained by Leach to represent him concerning recovery of the aircraft. The letter indicated that if the Bank did not respond within five days Willett would initiate legal proceedings on behalf of Leach for conversion of the aircraft.

The Bank responded on September 20, 1985, via a letter to Willett, explaining the repossession and default and providing him a copy of the demand letter originally sent to Leach. Several other letters and telephone conversations were made or sent between Willett and the Bank regarding the aircraft.

The Bank filed suit against Leach on January 31, 1986. Service on Leach was attempted by certified mail, restricted delivery, at his Georgia address.[1] The citation was returned with the notation that it was refused. A second attempt to serve Leach by the Gwinnett County, Georgia, sheriff's department was returned with a notation that Leach had moved to the Austin, Texas area.

On February 25, 1986, the Bank made a Motion for Alternate Service of Citation, alleging that service by personal delivery and certified mail had been unsuccessfully attempted. The Bank sought to serve Leach by serving Willett, alleging that Leach was concealing his whereabouts to avoid being served. The Bank also alleged that Willett had actively represented Leach in negotiations concerning the lawsuit and that Willett was able to contact Leach.

The Bank's motion was granted on March 14, 1986, and the trial court ordered service on both Willett and the Secretary of State. Leach was served by service on Willett on March 17, 1986. On April 21, 1986, the trial court entered a default judgment against Leach in the amount of $53,422.09 for payment of the debt plus $8,000.00 for attorney's fees. The Secretary of State certified that service was attempted on Leach by certified mail on April 28, 1986, but that the process had been unclaimed.

On May 20, 1986, Leach, through Willett, filed a Motion for New Trial and To Set Aside Default Judgment, alleging that the Bank had failed to comply with TEX.CIV. PRAC. & REM.CODE ANN. § 17.041 et seq., the Texas Long-Arm Statute. The Bank responded to Leach's motion averring that Leach had actual notice of the suit, and that Leach's motions failed to meet the requisites necessary to set aside the default judgment. Leach's motions were denied on June 26, 1986.

Leach (hereinafter appellant) raises four points of error. In his first point he complains that the trial court erred in ordering that service of citation be made by serving Willett because there was no explicit authorization by appellant designating Willett as an agent for receipt of process.

■ As a general rule, service on an attorney is not sufficient to effect service on the principal unless the person to be served expressly authorizes the attorney to receive process. Thus service of citation on a defendant's attorney, absent explicit authorization, will not constitute service so

---

1. According to the evidence presented at the hearing on the Bank's Motion for Substituted Service, the Bank learned of Leach's Georgia address after receiving an address correction letter when it sent the demand letter to Leach at his Laredo, Texas address. However, in its original petition, the Bank alleged that Leach was a resident of Webb County, Texas.

as to confer upon the trial court personal jurisdiction over the defendant. *H.L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62 (Tex.Civ.App.—Austin 1979, no writ). If service is made on an attorney as an agent, an affirmative showing that the person served was in fact an agent for service is required. *Encore Builders v. Wells*, 636 S.W.2d 722 (Tex.App.—Corpus Christi 1982, no writ).

However, TEX.R.CIV.P. 106, Service of Citation, provides in pertinent part:

\* \* \* \* \* \*

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted [by personal delivery or certified mail] at the location named in such affidavit but has not been successful, the court may authorize service.

\* \* \* \* \* \*

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

At the hearing on the Motion for Alternate Service, the Bank argued that it was not seeking to serve Willett as appellant's agent for service, but rather pursuant to Rule 106(b)(2) as a method reasonably effective to give appellant notice of the suit. Willett participated in the hearing, although his capacity is not apparent from the record. Willett argued that he was not an authorized agent for service and that the Secretary of State would be the proper agent. As noted, the trial court ordered that service be made both on Willett and the Secretary of State.

Appellant argues that Willett lacked express authority to accept service and thus alleges that the trial court was without jurisdiction to enter a default judgment. However, the Bank's Motion for Alternate Service alleged that appellant was concealing his whereabouts, that Willett knew appellant's whereabouts and that Willett was able to contact appellant or give him notice. The evidence presented to the trial court was offered in an attempt to show Willett's alleged knowledge of appellant's whereabouts. The Order Authorizing Alternate Service of Citation recites that the Sheriff of Webb County is to make service on appellant by serving "Willett, attorney." Service was not ordered on Willett as appellant's agent.

Therefore, although appellant is correct in asserting that Willett required express authorization to accept service of process *as an agent*, there is no evidence in the record that it was ever intended that Willett be appellant's agent or that Willett was served as such. Rather service was ordered on appellant through Willett as an alternate method as provided pursuant to subsection (b)(2) of Rule 106. Point of error one is overruled.

In his second point of error appellant alleges that the trial court erred in granting a default judgment because the Bank failed to comply with the statutory procedures regarding substituted service. Specifically, appellant maintains that the Bank failed to comply with TEX.CIV.PRAC. & REM.CODE § 17.041 et seq. to acquire *in personam* jurisdiction. In point of error three, appellant contends that the trial court erred in denying his Motion to Set Aside Judgment because of alleged failure to comply with § 17.041 et seq.

Section 17.045(a) provides:

If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

Appellant argues that the Secretary of State was furnished with the original petition and citation showing only appellant's last known address—1998 A Beaver Springs Lane, Northcross, Georgia 30071, which he maintains, fails to comply with § 17.045(a). Further, appellant contends that Bank failed to allege facts which, if true, would make appellant amenable to process through the Texas Long-Arm Stat-

ute. *See Whitney v. L & L Realty Co.*, 500 S.W.2d 94 (Tex.1973). Appellant maintains that Bank was required to provide the Secretary of State with a certificate of appellant's home address in order to serve him as a nonresident.

In its response, the Bank again argues that service was made pursuant to TEX.R. CIV.P. 106(b)(2) and insists that compliance with § 17.045 was therefore not mandatory. As noted by Bank, facts were not pled which would authorize service pursuant to the Long-Arm Statute, as appellant's residence was alleged to be in Webb County, Texas and not as a resident of the State of Georgia.

As noted, the record reflects that the Secretary of State was served with two copies of the citation and petition and that one copy was forwarded to appellant's Georgia address. The Secretary's certificate indicates that the process was returned as unclaimed.

■ We find that service in compliance with TEX.CIV.PRAC. & REM.CODE § 17.041 et seq. was unnecessary in that service was properly authorized pursuant to TEX. R.CIV.P. 106(b)(2). The Bank strictly complied with rule 106 in that substituted service was made after motion supported by affidavit stating facts that service had been unsuccessfully attempted, and after showing that serving Willett and the Secretary of State would be reasonably effective to give appellant notice of the suit.

Therefore, the trial court did not err in granting a default judgment or in failing to set aside the default judgment based upon a non-compliance with § 17.041 et seq. Points of error two and three are overruled.

In his fourth point of error appellant contends that the trial court erred in granting the Bank's motion for substituted service under Rule 106 of the Texas Rules of Civil Procedure. He contends that the proper manner of service should have been pursuant to the Texas Long-Arm Statute.

Appellant argues that the Bank knew appellant was a nonresident as it had attempted service of appellant at the Georgia address and received a notation that service was refused. However, appellant does not mention that service through the sheriff in Georgia indicated that appellant no longer lived in Georgia, but was instead now living in the Austin area. Consequently, Bank, which originally alleged that appellant was a resident of Webb County, was only charged with knowledge that 1998 A Beaver Springs Lane, Northcross, Georgia 30071, was appellant's last known address, and that appellant was again residing in Texas.

■ As no facts were alleged that appellant was a nonresident, service and compliance with the Long-Arm Statute was not authorized. However, the Bank did follow the procedures in TEX.R.CIV.P. 106(b)(2), and so was authorized to proceed under the rule's substituted service provisions.

No error by the trial court in granting substituted service pursuant to rule 106 is shown. Moreover § 17.041 et seq. was not the proper statutory authority for service. Point of error four is overruled.

The judgment of the trial court is affirmed.