**ASHLEY FOREST APARTMENTS (LINDSAY ENTERPRISES), Appellant,**

v.

**Ronald Lee ALMY, Individually and as Next Friend of Ronald Lee Almy, Jr., a Minor, Appellee.**

No. C14–87–627–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1988.

Lynn C. Grebe, Bay City, for appellant.

Bill Griffey, Galveston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal by writ of error from a default judgment awarding money damages for personal injuries sustained by Ronald Lee Almy, Jr. Suit had been filed against "Ashley Forest Apartments (Lindsay Enterprises)." The petition alleged that defendant "may be served with process by serving its manager at 1000 West Ashley Wilson Road, Sweeny, Texas 77480." The citation issued by the District Clerk was directed to "Ashley Forest Apartments (Lindsay Enterprises) by serving its manager at 1000 West Ashley Wilson Road, Sweeny, Tx. 77480, defendant...." The officer's return showed service of citation "by delivering to the within named Ashley Forest Apartments (Lindsay Enterprises) by serv [sic] manager Kay Sewell...."

The plaintiff's petition alleged that the plaintiffs were tenants of defendant and that the minor plaintiff contracted viral meningitis from swimming in defendant's filthy swimming pool.

The principal question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment.

In point of error one the petitioner contends that the service of citation was improper and that the district court had no jurisdiction to render the default judgment. While ordinarily presumptions are made in support of a judgment, including presumptions of due service of citation when the judgment so recites, no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W. 2d 927 (Tex.1965). When a default judgment is directly attacked by writ of error, it is essential that there be strict compliance with the rules of civil procedure or other applicable law in regard to the issuance of citation, the manner and mode of service, and the return of process. *Humphrey Co.,*

*Inc. v. Lowry Water Wells,* 709 S.W.2d 310 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Cates v. Pon,* 663 S.W.2d 99 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd. n.r.e.). Failure to show affirmatively a strict compliance with applicable rules relating to issuance, service, and return of citation will render the attempted service invalid and require reversal of the default judgment. *Cates v. Pon,* 663 S.W.2d at 102.

In this case respondent contends that service of process was properly performed under section 17.021 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986). That section contains the following provision:

(a) In an action against an individual, partnership, or unincorporated association that arises in a county in which the individual, partnership, or association has an office, place of business, or agency for transacting business in this state, citation or other civil process may be served on an agent or clerk employed in the office, place of business, or agency if:

   (1) the action grows out of or is connected with the business transacted in this state; and

   (2) the individual, partnership, or association:

      (A) is not a resident of the county;

      (B) is not a resident of this state; or

      (C) is a resident of the county but has not been found for service of process.

For the issuance, service and return of process to be valid in this case it must appear on the face of the record that there was strict compliance with section 17.021(a).

Both parties have requested this court to take judicial notice of documents outside the trial court's record. We decline to do so and base our decision solely on the record before us as contained in the transcript.

There is no allegation in respondent's original petition or any other showing on the face of the record that the defendant is an individual, partnership or unincorporated association. There is no showing on the face of the record that petitioner has an office, place of business or agency for transacting business in this state. Also there is no showing that the person served with process was in fact an agent or clerk employed in the office, place of business or agency of petitioner. Furthermore, there is no showing on the face of the record that the defendant is or is not a resident of Brazoria county or of the State of Texas.

Although the sheriff's return of service states that citation was served on Ashley Forest Apartments (Lindsay Enterprises) by "serv [sic] manager Kay Sewell" there is no affirmative showing on the face of the record that Kay Sewell was in fact the agent of the defendant under section 17.-021. Also there is no showing that the address where Kay Sewell was served was in fact petitioner's office, place of business, or agency for transacting business in this state.

For all of these reasons we hold that there was no strict compliance with the rules concerning issuance, service and return of citation and that the trial court had no jurisdiction over petitioner that would authorize the rendition of the default judgment. *Encore Builders v. Wells,* 636 S.W. 2d 722 (Tex.App.—Corpus Christi 1982, no writ).

Respondent attempts to distinguish *Wells* from the instant case, but we believe *Wells* supports petitioner's position. Although *Wells* occurred before enactment of section 17.021 of the Texas Civil Practice and Remedies Code, the statute applicable there, article 2033b of Texas Revised Civil Statutes Annotated (repealed 1986) was the same in all material respects as section 17.021.

In the *Wells* case a homeowner sued a builder to recover for property damages sustained during a heavy rainstorm. The owner alleged in his petition that the builder was "a business located at 5794 Weber Road, Corpus Christi, Nueces County, Texas whose agent for service of process is Mike Catero ..." Service was had on Mike Catero as agent for the builder. Encore Builders did not answer the suit, and a default judgment was rendered. The Court of Appeals, in reversing and holding that the record did not show service of

process sufficiently to sustain the default judgment, said:

> In the instant case appellees allege in their petition only that appellant was a business and that Mike Catero was appellant's agent for service of process. Nowhere in the pleadings or in the record does appellee even so much as intimate what type of business entity appellant is or what authority Mike Catero possesses to act as agent for service of process. The pleadings and the record are not supportive of any affirmative showing that Mike Catero was in fact the agent for service of process for appellant. A naked allegation of agency alone will not support rendition of a default judgment. [*White Motor Co. v. Loden,* 373 S.W.2d 863 (Tex.Civ.App.—Dallas 1963, no writ).].

Petitioner's first point of error is sustained.

Petitioner brings three additional points of error. Because our decision with respect to the first point of error is dispositive, and the issues presented in petitioner's points of error two, three and four are not likely to be presented on remand to the trial court, it is not necessary for the court to pass on the additional points of error.

The judgment of the court below is reversed and the cause is remanded to the trial court.