MASSACHUSETTS NEWTON BUYING CORPORATION d/b/a T.J. Maxx, No. 275, Appellant,

v.

Sholeh HUBER, et al., Appellees.

No. C14–89–333–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1990.

Michael Phillips, Brock C. Akers, Lori A. Pritchett, Houston, for appellant.

Robert V. Holland, Jr., Charles C. Orsburn, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Massachusetts Newton Buying Corporation, doing business as T.J. Maxx No. 275, brings this writ of error to attack the default judgment entered by the trial court in the action brought by Sholeh Huber on her own behalf and as the next friend of her two minor children. The appellant contends that the trial court erred because it lacked jurisdiction to enter the default judgment. We find that the appellees did not obtain proper service of citation on the appellant. The trial court did not have in personam jurisdiction. We reverse the default judgment and remand.

The cause of action arose at a T.J. Maxx store on December 11, 1986 when Mrs. Huber was accused of shoplifting by the store security officer. She asserts claims of false imprisonment, infliction of mental and emotional distress, assault, battery, and slander.

An assumed name certificate on file in the Harris County Assumed Name Records as of November 19, 1984 indicated that Newton Buying Corporation was doing business in the Braesgate Shopping Center under the name of T.J. Maxx No. 275. The corporation's registered office was listed as C.T. Corporation System, located in the Republic National Bank Building in Dallas.

The appellees attempted to serve the citation on the appellant twice. The first attempted service was made on the registered agent pursuant to TEX.BUS.CORP.ACT ANN. art. 8.10 (Vernon 1980). However, the registered agent's representative would not accept service because the name of the company as recited in the citation did not appear in their records. The Office of the Secretary of State was called, and the records there did not reflect a Massachusetts Newton Buying Corporation. The appellate record reflects a memorandum from

the agent's representative which stated that they did not accept service for corporations based on d/b/a names, and that they could not distinguish the company to be served without the correct company name. The officer indicated on the return that the registered agent did not have record of the appellant. The remainder of the officer's return was left blank.

■ We first recognize that the rules of civil procedure regarding the issuance of citation, the manner and mode of service, and the return of process must have been strictly followed for a default judgment to survive a direct attack by writ of error. The record must affirmatively show that the court had in personam jurisdiction. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex.1973); *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *Zaragoza v. De La Paz Morales*, 616 S.W.2d 295 (Tex.App.—Eastland 1981, writ ref'd n.r.e.). Thus, there is no presumption of valid issuance, service, and return of citation in a direct attack of a default judgment. *Metcalf v. Taylor*, 708 S.W.2d 57, 59 (Tex.App. —Fort Worth 1986, no writ). There must be proof in the record that the defendant was served in the required manner. *Whitney*, 500 S.W.2d at 95–96.

The service of citation on a foreign corporation such as the appellant is governed by TEX.BUS.CORP.ACT ANN. art. 8.10 (Vernon 1980), which provides in Section A:

> The president and all vice-presidents of a foreign corporation authorized to transact business in this state and the registered agent so appointed by a foreign corporation shall be agents of such corporations upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

The appellees must show that the appellant was properly served pursuant to this article. If it was not, the default judgment is void because in personam jurisdiction was not acquired by the trial court. *Lynn McGuffy Co., Inc. v. Perfected Industrial Products, Inc.*, 683 S.W.2d 781, 782 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Jurisdiction over the defendant

must affirmatively be established by either a showing of an appearance or a showing of due service of citation independent of the recitals in the judgment. *Encore Builders v. Wells*, 636 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1982, no writ); *H.L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62, 64 (Tex.App.—Austin 1979, no writ).

■ The requirements for a valid return of service are clearly provided in TEX.R. CIV.P. 107. That rule states:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state *when* the citation was served and the *manner of service* and be *signed* by the officer officially or by the authorized person. (emphasis added).

If any of the three requirements are not met, the citation is fatally defective and will not support a default judgment under direct attack. *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ). In the instant case, the return did not indicate when the citation was served or the manner of service. As two of the requirements for valid service of citation were not met, the trial court did not have jurisdiction to enter the default judgment.

Additionally, a mistake in the defendant's name has been held to render a citation fatally defective. *Mega v. Anglo Iron and Metal Co. of Harlingen*, 601 S.W.2d 501, 504 (Tex.App.—Corpus Christi 1980, no writ). Other appellate courts have held likewise. The Eastland Court of Appeals reversed the default judgment in *Zaragoza*, 616 S.W.2d at 296, wherein the citation was served on Andrew L. Zaragoza instead of Andrew J. Zaragoza. In another case, the El Paso Court of Appeals reversed a default judgment because of a misspelled last name. *Fleming v. Hernden*, 564 S.W.2d 157, 159 (Tex.App.—El Paso 1978, writ ref'd n.r.e.).

■ The second attempted service was made on the manager of the T.J. Maxx store number 275. The manager was

named in the citation as Larry Norton, but the person served at the location was Paul Jurgensen. This citation also fails under TEX.BUS.CORP.ACT ANN. art. 8.10. Execution of a citation on an employee in a local place of business does not constitute adequate service on a foreign corporation. Furthermore, the manager of the store named in the citation was not the same person upon which service was ultimately executed. For either of these reasons, the second attempt at serving the appellant is clearly defective. If service is made on an agent, there must be an affirmative showing that the person served was in fact the registered agent for service of process. *Encore Builders*, 636 S.W.2d at 723. The appellee made no showing that the manager is an agent for service, which must be affirmatively shown for the default judgment to be proper. *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.App.—Dallas 1963, no writ).

The appellee attempted to serve a proper agent, but failed. The attempted service on the manager of the local store was futile, as it would not have constituted valid service of citation on a foreign corporation. The other option provided by the Business Corporations Act is service on the Secretary of State if a diligent attempt to serve the registered agent is unsuccessful. Proper service of process was not obtained on the appellant which rendered the default judgment void. We reverse the judgment and remand the cause to the trial court.