**Reversed and Remanded and Memorandum Opinion filed January 12, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00036-CV

**AMANDA LATRICE BROWN, Appellant**

**V.**

**GREGORY FITZGERALD BROWN, Appellee**

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-25728**

## M E M O R A N D U M   O P I N I O N

Appellant Amanda Latrice Brown brings this restricted appeal from a default judgment in the divorce action filed by appellee Gregory Fitzgerald Brown. Amanda argues on appeal that the record contains no competent evidence that she properly was served. We reverse and remand.

### BACKGROUND

Gregory filed a petition for divorce against Amanda in April 2010, alleging that the parties were married on or about February 1, 1998, but that they ceased living together as husband and wife in March 2009. Gregory filed an amended petition in May

2010.  Without further explanation, both petitions state that "[n]o service on [Amanda] is necessary at this time."  The record on appeal contains no citation, return of citation, or any other indication that Amanda received service of process directly or indirectly through alternate service.  However, at the July 14, 2010 trial on the merits, the following exchange took place:

> THE COURT: You got service on [Amanda]?  Served Respondent the 18th of June.  Did you check?
>
> [COUNSEL FOR GEORGE]: I counted it, Judge.  We counted it.
>
> THE COURT: I don't see it.
>
> [COUNSEL FOR GEORGE]: Anyway, they pretty much got an agreement on everything[1] and there is a standard order in effect already as far as [conservatorship of their child] and child support.
>
> THE COURT: From the [Attorney General's] office?
>
> [COUNSEL GEORGE]: They signed off on it.
>
> THE COURT: Good enough.

The trial court signed a "Final Decree of Divorce" on July 14, 2010, which states that "Respondent, Amanda Latrice Brown, although duly and properly cited, did not appear and wholly made default."  The record contains no indication that Amanda participated in the case before, during, or after the trial.

Within six months, Amanda filed a notice of restricted appeal, arguing in a single issue that "there is no competent evidence in the record that [Amanda] was properly served" and that the trial court's default judgment is void for failure of personal jurisdiction over her.[2]

## ANALYSIS

Amanda may file a restricted appeal if she (1) filed notice of restricted appeal within six months of judgment; (2) was party to the underlying suit; (3) did not

---

[1] Any alleged agreement between the parties does not appear in the record.

[2] George has not filed a response brief to argue that Amanda properly was served or that some relevant exception applies.

participate in the hearing resulting in the judgment on appeal, and did not file timely post-judgment motions or requests for findings of fact and conclusions of law; and (4) shows error apparent on the face of the record. *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 129 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). The scope of a restricted appeal is limited to error apparent on the face of the record. *Id.* (citing *Norman Commc'ns v. Tex. Eastman*, 955 S.W.2d 296, 270 (Tex. 1997) (per curiam)).

A default judgment cannot withstand a direct attack by a defendant who shows that she was not served in strict compliance with the rules governing service of process. *Id.* at 133 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). "Notably, in restricted appeals, 'there are no presumptions in favor of valid issuance, service, and return of citation.'" *Id.* at 129 (quoting *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006)). This rule must be "strictly observed because presumptions can neither be confirmed nor rebutted by evidence in an appellate court." *Id.* (citing *Drewery Constr.*, 186 S.W.3d at 573–74). "Recognition of this lack of legal presumption[] in favor of valid issuance, service, and return of citation is critical to proper resolution of this restricted appeal." *Id.*

In the absence of an appearance by the defendant in question, there must be an affirmative showing of due service of process, independent of the recitations in the default judgment. *Id.* at 133 (citing *Mass. Newton Buying Corp. v. Huber*, 788 S.W.2d 100, 101 (Tex. App.—Houston [14th Dist.] 1990, no writ)). Because Amanda did not appear and the record contains no affirmative showing that she was served in compliance with the rules governing service of process, we sustain Amanda's issue.

3

## CONCLUSION

Accordingly, we reverse this case and remand to the trial court for proceedings consistent with this opinion.


/s/ Sharon McCally
   Justice

Panel consists of Justices Brown, Boyce, and McCally.