**Opinion issued August 29, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00793-CV

_____

## IN THE INTEREST OF J.M.H., A CHILD

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 1167740**

---

## O P I N I O N

Victor A. Charles appeals the trial court's entry of a default judgment against him. The State, acting through the Office of the Attorney General, filed suit to establish Charles's paternity and child support obligations with regard to J.M.H. Charles did not answer, and a default judgment was rendered against him.

Because we conclude that the record does not contain evidence of proper service of citation on Charles, we reverse and remand.

## Background

On November 9, 2011, the State filed a petition seeking to establish Charles's paternity and to establish his child support obligation for J.M.H. Charles was incarcerated at a Texas Department of Criminal Justice (TDCJ) facility at the time. A private process server delivered citation and a copy of the petition to "Caron Knoch/Correctional Officer" at the TDCJ facility in Tennessee Colony, Texas on February 9, 2012. On June 21, 2012, the trial court held a hearing on the State's petition. The next day, the trial court entered a default order stating that Charles was duly notified but did not appear at the hearing, adjudicating Charles the father of J.M.H., and ordering Charles to pay child support. Charles filed a motion for new trial, arguing that the default judgment was invalid because he was not properly served with the summons and citation. The State did not respond to Charles's motion, which was overruled by operation of law. Charles appealed, contending that the trial court lacked personal jurisdiction over him because he was not properly served.

2

**Applicable Law**

At any time after a defendant is required to answer, a plaintiff may take a default judgment against the defendant if the defendant has not previously filed an answer and the citation with proof of service has been on file with the clerk of the court for at least ten days. TEX. R. CIV. P. 107, 239. Before the trial court may enter a default judgment, the record must reflect that the trial court has jurisdiction over the subject matter and the parties, and that the case is ripe for judgment. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968)). "Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter the default judgment against the defendant." *Id.* (citing *Am. Universal Ins. Co. v. D.B. & B, Inc.*, 725 S.W.2d 764, 766 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.)).

Section 17.029 of the Texas Civil Practice & Remedies Code sets forth a method of service for inmates incarcerated in a TDCJ facility. It provides:

> (a) In this section, "inmate" means a person confined in a facility operated by or under contract with the Texas Department of Criminal Justice.

3

(b) In a civil action against an inmate, citation or other civil process may be served on the inmate by serving a person designated under Subsection (c) as an agent for service of civil process.

(c) The warden of each facility operated by or under contract with the Texas Department of Criminal Justice shall designate an employee at the facility to serve as an agent for service of civil process on inmates confined in the facility.

(d) An employee designated under Subsection (c) as an agent for service of civil process shall promptly deliver any civil process served on the employee to the appropriate inmate.

TEX. CIV. PRAC. & REM. CODE ANN. § 17.029 (West Supp. 2012). Although we could locate no authority applying these provisions, courts of appeals, in analogous contexts, have required affirmative proof in the record that the person served was in fact the designated agent for service of process described in the statute. *See, e.g.*, *Mass. Newton Buying Corp. v. Huber*, 788 S.W.2d 100, 103 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("If service is made on an agent, there must be an affirmative showing that the person served was in fact the registered agent for service of process."); *NBS S., Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 471 (Tex. App.—Dallas 1989, writ denied) (requiring showing that person served was a proper party to receive service); *see also Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (reversing default judgment where return of

4

citation named person but did not reflect that he was corporation's registered agent for service of process).

**Analysis**

In his sole issue, Charles contends that the trial court erred by rendering a default judgment because the record does not show that he was properly served. The record reflects that service in this case was accomplished by personal delivery to "Caron Knoch/Correctional Officer" at the TDCJ facility in Tennessee Colony, Texas. However, the record contains no evidence that Caron Knoch was an employee designated by the warden of the facility "to serve as an agent for service of civil process on inmates confined in the facility." TEX. CIV. PRAC. & REM. CODE ANN. § 17.029(c). In the absence of such evidence, the trial court lacked in personam jurisdiction to enter a default judgment against Charles. *See Marrot Commc'ns, Inc.*, 227 S.W.3d at 378.

The State requests that we take judicial notice of two facts to fill in this gap: (1) that Caron Knoch works in the law library at the Tennessee Colony facility, and (2) that "all law library employees have been verbally designated by the warden to act as agents for service for inmates housed in the facility."

Texas Rule of Evidence 201 provides that we may judicially notice a fact "not subject to reasonable dispute in that it is either (1) generally known within the

5

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b); *see In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). For example, courts have properly taken judicial notice of geographical facts, such as the location of cities, counties, boundaries, dimensions, and distances. *See Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154, 157–58 (Tex. 1967) (holding that a court may take judicial notice that a specific intersection is located in a particular county); *see also Butts Retail, Inc. v. Diversifoods, Inc.*, 840 S.W.2d 770, 774 (Tex. App.—Beaumont 1992, writ denied). Facts such as these are easily ascertainable and capable of verifiable certainty. *See Barber*, 417 S.W.2d at 157–58; *Butts Retail, Inc.*, 840 S.W.2d at 774.

Here, the facts the State would have us judicially notice are not analogous. Neither the fact that Caron Knoch works in the law library of the Tennessee Colony facility nor the warden's verbal pronouncements regarding agents for service of inmates are generally known facts. Nor has the State pointed us to any source "whose accuracy cannot be reasonably questioned" that demonstrates these facts. *See In re J.L.*, 163 S.W.3d at 84 (noting expert's opinion is not "capable of accurate resolution from outside, unquestioned sources"). Accordingly, we conclude that we may not judicially notice these facts. *See id.* (holding appellate

court erred in taking judicial notice of expert testimony from other proceeding because the testimony did not satisfy the requirements of Rule 201); *see also Eagle Trucking Co. v. Tex. Bitulithic Co.*, 612 S.W.2d 503, 506 (Tex. 1981) (judicial notice improper when "[t]here is no source for the ascertainment of this fact from which a judge could refresh his memory or inform his conscience in any manner in which that judge deems trustworthy").

Because the record contains no evidence establishing that Caron Knoch was an employee of the facility designated by the warden as the agent for service of process for inmates, and because we may not take judicial notice of these facts, we conclude that the trial court lacked in personam jurisdiction over Charles. Accordingly, we sustain Charles's sole issue.

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.
Publish.  TEX. R. APP. P. 47.2(b).

7