**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00401-CV

———————————

**ALEXEI FOMINE, Appellant**

**V.**

**ROSA BARRETT, Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-02838**

---

## MEMORANDUM OPINION

Appellant, Alexei Fomine, challenges the trial court's order granting appellee, Rosa Barrett, summary judgment in his suit against her for breach of a covenant not to compete. In two issues, Fomine contends that the trial court erred in granting Barrett summary judgment.

We affirm.

## Background

In his second amended petition, Fomine alleged that on April 5, 2013, he hired Barrett to work at his chiropractic clinic, Eastex Medical Clinic ("Eastex"), as a "case manager." Upon employment with Eastex, Barrett signed an "employment offer letter." She also signed a "confidentiality agreement" and a "covenant not to compete," which were "separate contracts," but were both contained in the single document entitled "Confidentiality and Employee Non-Compete Agreement." In signing the confidentiality agreement, Barrett "agreed to maintain the confidentiality of certain information (*i.e.,* 'trade secrets, customers and other confidential data and good will')," including "patient documents, referral sources, specialized industry training, negotiation procedures, and participation in the development of Fomine's business venture."

According to Fomine, Barrett entered into the covenant not to compete in "exchange" for "confidential and valuable information and the [e]mployment [a]greement." The covenant "limited her from owning, managing, operating, consulting, or being employed in a business substantially similar to or competitive with Eastex (i) for two years after any termination or expiration of her employment and (ii) within a 500 mile radius of the clinic's location."

2

Barrett was allegedly made privy to confidential and valuable information by working with "sensitive patient files," communicating with "referral sources," engaging in the "negotiation procedures for bill reductions," participating in and becoming knowledgeable about Fomine's "business venture," and receiving "experience and training in a specialized industry." After a "poor performance evaluation in December 2013," Fomine terminated Barrett from her employment with Eastex in January 2014 "due to declining work performance and her failure to come to work."

Fomine further alleged that in September 2014, he learned that Barrett "began competing with Eastex shortly after her termination by opening and owning medical clinics" that directly compete with Eastex. Partnering with Santiago Guajardo and Sky Rodriguez, on or about February 20, 2014, Barrett opened the 249 Accident Clinic, located approximately twenty-two miles from Eastex. Rodriguez had been a "major referral source for Eastex, referring approximately 5 to 10 clients per month (or approximately $10,000.00 to $30,000[].00 in revenue per month)." And Guajardo had been a chiropractor at Eastex. Partnering with Guajardo, Barrett also opened the "Beltway 8 Accident Clinic," located approximately seven miles from Eastex.

According to Fomine, since the termination of Barrett's employment, Fomine has lost "approximately $110,000.00 to $330,000.00 in revenue" to the

3

249 Accident Clinic alone. And Barrett has misrepresented to Fomine's referral sources that Eastex is no longer in business.

Fomine sued Barrett for breach of the covenant not to compete, seeking economic damages, permanent injunctive relief, attorneys' fees, and pre- and post-judgment interest. Barrett answered, asserting a general denial, verified denial, and various affirmative defenses.

Barrett subsequently moved for summary judgment, arguing that the covenant not to compete is unenforceable on its face because: (1) it is not ancillary to an enforceable agreement since she was an "at-will employee," (2) she never received any consideration from Fomine or Eastex in exchange for her execution of the covenant, and (3) the restraint imposed by the covenant is unreasonable as the activities restricted extend beyond her "work responsibilities for Eastex" and the covenant imposed an unreasonable geographic limitation.

Barrett attached to her summary-judgment motion the Employment Offer letter, the Confidentiality and Non-Compete Agreement, her affidavit, Fomine's First Amended Petition, and Fomine's objections and responses to Barrett's interrogatories.

In his summary-judgment response, Fomine argued that Barrett was not entitled to summary judgment on his claim for breach of the covenant not to compete because: (1) there is a fact issue as to whether she received consideration

4

in exchange for her promise not to compete as her job responsibilities, by necessity, required access to confidential information; (2) the covenant not to compete is ancillary to the confidentiality agreement and her employment agreement, which are both enforceable; and (3) the covenant not to compete "imposes reasonable geographic and activity limitations to protect Fomine's business interest." Fomine further asserted that Barrett marketed to patients all over Texas, was "an integral" member of the "Eastex team," and was "hired to evaluate potential cases, provide administrative support, market Eastex to potential referral sources and patients, and manage active cases."

Fomine attached to his response his affidavit, the Employment Offer letter, the Confidentiality and Non-Compete Agreement, and certain email communications between Barrett and her colleagues and insurance adjustors concerning the assignment of benefits, patient records, and other confidential information that Barrett had reviewed on a regular basis.

## Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*,

5

164 S.W.3d at 661; *Provident Life*, 128 S.W.3d at 215.  If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious.  *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

A movant for a matter-of-law summary judgment has the burden of establishing that she is entitled to judgment as a matter of law and there is no genuine issue of material fact.  TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for a matter-of-law summary judgment, she must either:  (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of her affirmative defense, thereby defeating the plaintiff's cause of action.  *Cathey*, 900 S.W.2d at 341; *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  Once the movant meets her burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment.  *Siegler*, 899 S.W.2d at 197; *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment

6

evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

**Covenant Not to Compete**

In a portion of his second issue, Fomine argues that the trial court erred in granting Barrett's summary-judgment motion "to the extent it found the Non-Compete Agreement was not reasonable in its restrictions" because it is reasonable as to the geographic and activity restrictions. He asserts that "Barrett's statewide marketing and business development efforts rendered a 500-mile geographic restriction reasonable to protect [his] interests."

The enforceability of a covenant not to compete is a question of law. *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "The hallmark of enforcement is whether or not the covenant is reasonable." *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011). "[A] covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." TEX. BUS. & COM. CODE ANN. § 15.50(a) (Vernon 2011). In other words, to be enforceable, a covenant not to compete must be (1) ancillary to or part of an

otherwise enforceable agreement and (2) contain reasonable limitations as to time, geographic area, and scope of activity that do not impose a greater restriction than necessary. *See id.*

In determining the reasonableness of a covenant not to compete, we consider whether the covenant contains limitations that are reasonable as to geographical area and do not "impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." *Marsh,* 354 S.W.3d at 777. The territory in which an employee worked for an employer is generally considered to be the benchmark of a reasonable geographic restriction. *Butler,* 51 S.W.3d at 793; *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 660 (Tex. App.—Dallas 1992, no writ).

Here, Fomine did not raise a genuine issue of material fact as to the reasonableness of the geographic restrictions in the covenant not to compete. Although he concedes that Eastex patients "were treated solely in Houston," Fomine argues that the 500-mile geographic restriction in the covenant not to compete is reasonable because Barrett "marketed to patients injured in accidents occurring throughout the state" and "communicated with such patients, developed business opportunities, maintained the then-current referral network, and was instructed to market the clinic to persons injured elsewhere in Texas." However, even assuming this to be true, the 500-mile radius in the covenant not to compete

here does not just include most of Texas, but also all of Louisiana and significant portions of Alabama, Arkansas, Mississippi, Oklahoma, and Mexico.[1]

Fomine further asserts that his plans to expand his business statewide are relevant to the evaluation of whether the 500-mile restriction is reasonable. However, nowhere in the summary-judgment record is there evidence of Fomine's plans to expand into Alabama, Arkansas, Louisiana, Mississippi, or Oklahoma beyond vague assertions in his affidavit that "within ten years, the goal is to have developed a nationwide network."[2]  And, there is no evidence in the record that Fomine's business plans included expansion into Mexico, which is also firmly within the 500-mile radius of the geographic restriction at issue.

Finally, Fomine asserts that even if the 500-mile restriction is unreasonable, Barrett's opening of clinics approximately seven and twenty-two miles from Eastex are "within what would be a reasonably restricted geographic area." However, because the covenant not to compete is unenforceable as written, he is

---

[1]    Fomine asserts that we may take judicial notice of this geographical fact.  *See In re J.M.H.*, 414 S.W.3d 860, 863 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (recognizing courts may properly take judicial notice of "geographical facts, such as the location of cities, counties, boundaries, dimensions, and distances").  "Facts such as these are easily ascertainable and capable of verifiable certainty." *Id.*; *see, e.g.*,     STATSAMERICA:     Your     Portal     to     U.S.     Data, http://www.statsamerica.org/radius/big.aspx (last visited Nov. 27, 2018).

[2]    Further, Fomine does not cite any authority in which the reasonableness of a geographic restriction in a covenant not to compete included plans for future expansion.  *See Cobb v. Caye Publ'ing Grp., Inc.*, 322 S.W.3d 780, 785 (Tex. App.—Fort Worth 2010, no pet.).

9

precluded from recovering damages on his contract claim. *See* TEX. BUS. & COMM. CODE ANN. § 15.51(c) (Vernon 2011) (stating court must reform unreasonable covenant and enforce it as reformed "except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief"); *see also Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 388 (Tex. 1991) ("Since [plaintiff] obtained no reformation of the covenant before [defendant's] actions for which it sought damages, the act would *prohibit* [plaintiff] from obtaining damages."). And Fomine does not contend that the trial court erred in refusing to reform the covenant not to compete.[3] *See* TEX. R. APP. P. 38.1.

The geographic restriction in the covenant not to compete is significantly broader than the geographic scope of Barrett's employment with Eastex. Thus, it is broader than is reasonably necessary to protect the interests of Fomine and Eastex. *See Marsh*, 354 S.W.3d at 777. Accordingly, we hold that the trial court did not err in granting Barrett summary judgment "to the extent it found" that the covenant not to compete was unreasonable in its geographic restriction.

---

[3] In any event, exercise of reformation in this case would be futile as the covenant not to compete expired by its own terms in January 2016, two years from the date of termination of Barrett's employment. *See John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 85 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (explaining covenant expired so "any reformation of that provision by the trial court would have been an exercise in futility").

We overrule this portion of Fomine's second issue. Having overruled this portion of Fomine's second issue, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the judgment of the trial court. We dismiss all pending motions as moot.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

11