## GEORGIA POWER COMPANY *v.* CITY OF DECATUR.

No. 363.   Argued April 16, 17, 1930.—Decided May 19, 1930.

*Mr. Walter T. Colquitt,* with whom *Mr. Ben J. Conyers* was on the brief, for petitioner.

*Mr. Hooper Alexander* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The city of Decatur brought this suit in the superior court of DeKalb county against the Georgia Railway and Electric Company and the Georgia Railway and Power Company. The former was the owner and the latter was the lessee and operator of a system of street

and suburban railway lines of more than 200 miles serving Atlanta, Decatur and other places in that part of Georgia. Before trial, they consolidated and became the Georgia Power Company, and it was made the defendant. The city prayed, and the court granted, a decree permanently enjoining petitioner from violating an ordinance passed by the city March 3, 1903, from violating a contract of April 1, 1903, based upon the ordinance, and from ceasing to operate about a mile of its line in Decatur. The decree was affirmed by the state supreme court. 168 Ga. 705.

Prior to the commencement of this suit it had been finally adjudged in litigation between the city and petitioner's predecessors that the ordinance and contract bound the carrier not to charge more than five cents per passenger between points on that stretch of track in Decatur and the terminus of the line in Atlanta and required it upon the payment of each full fare to give to the passenger a transfer ticket that would entitle him for one fare to ride between points on such track and points on any of the carrier's lines in Atlanta. It was also held that the state railroad commission was without authority to change rates that are established by contract. *Georgia Ry. & Power Co.* v. *Railroad Comm.,* 149 Ga. 1. *Georgia Ry. & Power Co.* v. *Town of Decatur,* 152 Ga. 143. *Georgia Ry. & Power Co.* v. *Decatur,* 153 Ga. 329; 262 U. S. 432. The duration of the defendant's obligation to operate that line or to serve for such contract fare was not determined.

August 14, 1919, the commission fixed the carrier's fares other than those covered by the contract at six cents; September 22, 1920, it raised them to seven cents, and December 15, 1927, it made them ten cents per passenger but required the carrier to sell four tickets for thirty cents. The cost of the transportation covered by the contract fare, exclusive of any compensation for the use of prop-

erty employed to furnish the service, exceeds the revenue derived therefrom and is substantially higher per passenger than the cost of service covered by the fares fixed by the commission. An ordinance of the city of Decatur passed May 15, 1925, directed paving of the streets occupied by the line in question and the assessment of a substantial portion of the cost against the lessee. Thereupon lessor and lessee offered to surrender to the city the permit for the operation of the line and the lessee notified the city that at a time specified it would discontinue the service. The city refused to accept the surrender and promptly brought this suit.

Petitioner maintained below and here insists that the franchise and the rate contract expired August 16, 1919, and that its obligation to operate the line or keep the five cent fare in force was terminated by such offer and notice. See *Denver* v. *Denver Union Water Co.*, 246 U. S. 178, 184. It contends that the rate is confiscatory, that the decree requires it to operate the line and to serve for the five cent fare and that, if compelled so to do, it will be deprived of its property without due process of law in violation of the Fourteenth Amendment.

This court has recently held that the usual permissive charter of a railroad company does not oblige the company to operate its railroad at a loss; that, where it is reasonably certain that future operation will be at a loss, the company, in the absence of contract obligation to continue, may cease, and if in such circumstances the company were compelled by the State to continue to operate at a loss, it would be deprived of its property without due process of law. *Railroad Commission* v. *Eastern Texas R. R.*, 264 U. S. 79. The State may not by any of its agencies disregard the prohibitions of the Fourteenth Amendment. *Chicago, Burlington, &c. R'd* v. *Chicago*, 166 U. S. 226, 234. *Raymond* v. *Chicago Traction Company*, 207 U. S. 20, 36. We are therefore required to

pass upon the merits of petitioner's claim. *Stearns* v. *Minnesota*, 179 U. S. 223, 232. *Ward* v. *Love County*, 253 U. S. 17, 22.

By an Act of the Georgia legislature passed August 16, 1889 (Acts 1888–89, p. 211) the Collins Park and Belt Railroad Company was incorporated and empowered to construct and operate street railways in Atlanta, in other parts of Fulton county and in DeKalb and other counties. Subsequently its name was changed to the Atlanta Rapid Transit Company. It applied for and the town of Decatur by ordinance passed September 4, 1899, granted to it a "franchise" to construct and operate the line in question. The Act does not specify the term of the company's charter and there is nothing in it or in the ordinance to fix the duration of the carrier's obligation to operate the line. January 1, 1902, the Georgia Railway and Electric Company was incorporated for the term of 101 years and was empowered by the Act under which it was organized to acquire and operate street and suburban railways. Acts 1892, p. 37. On March 28, 1902, the Atlanta Rapid Transit Company conveyed all its property to the last mentioned company. March 3, 1903, the town of Decatur by ordinance granted the latter permission to discontinue operation and remove one of its Decatur lines upon the condition that it should continue to operate the stretch of track here involved and "never charge more than five cents for one fare" for the transportation above described. And April 1, 1903, the town and the company made a contract by which each agreed to do all the things required to be by it performed under the terms of the ordinance. October 16, 1911, the Georgia Railway and Power Company was incorporated as an interurban and street railroad company for the term of 101 years, and January 1, 1912, the Railway and Electric Company leased all its lines of railway and other property to the latter for a term of 999 years.

It may be assumed, as contended by petitioner, that under the state law (Code, § 2215) the charter of the Collins Park Company expired August 16, 1919, thirty years after passage of the special Act, and that it was not bound by its franchise to continue to operate the line after that date. See *Turnpike Co.* v. *Illinois*, 96 U. S. 63, 68. The petitioner contends that the ordinance of September 4, 1899, was the only franchise for the operation of the line in question, and that the obligation to operate the line and maintain the contract fare ended with the expiration of the charter of the Collins Park Company.

But franchises for the construction and operation of street railway lines are granted by the State. And January 1, 1902, the State chartered the Georgia Railway and Electric Company. In this case the supreme court held (p. 709) that under the state constitution (Code, § 6448) " all that towns and cities have to give to the construction of passenger street-railways within the limits of the same is the consent of the corporate authorities." And it held that by the contract of April 1, 1903, the city of Decatur gave its consent for the use of its streets by the Electric Company. We accept that court's construction of the Acts of the legislature and the ordinance and its decision as to the effect of the contract of April 1, 1903. Upon the conveyance by the Atlanta Rapid Transit Company the system, including the Decatur line in question, passed to the Georgia Railway and Electric Company, to be operated under the franchise granted to that company by the Act of the legislature under which it was incorporated. It is clear that this franchise and the rate contract of April 1, 1903, are still in force.

There is nothing in the ordinance or contract to indicate a purpose to terminate the obligation of the carrier in respect of the five cent fare while it continues to operate the line as part of its system under its present franchise (*Fort Smith Traction Co.* v. *Bourland,* 267 U. S. 330),

and the contract will continue to bind petitioner during the period intended by the parties unless earlier altered by them or relaxed by state authority. *Georgia Ry. Co.* v. *Decatur,* 262 U. S. 432, 438. The losses attributable to the stretch of track in question and the five cent fare are immaterial while the rate contract continues. *Public Service Co.* v. *St. Cloud,* 265 U. S. 352, 355. *R. R. Commission* v. *Los Angeles R. Co.,* 280 U. S. 145, 152.

*Decree affirmed.*