CLAIBORNE COUNTY BEER BOARD,
Hubert Muncy, Chairman, and Bill
Brooks, Secretary, Appellants,

v.

William Ray POORE and Wife, Kathy
Poore, Appellees.

Supreme Court of Tennessee.

Oct. 3, 1977.

James D. Estep, Jr., Tazewell, for appellants.

William R. Stanifer, Tazewell, for appellees.

OPINION

COOPER, Chief Justice.

This is an appeal from a decision of the Chancery Court of Claiborne County, ordering the appellants, the Claiborne County Beer Board, to issue an amended beer permit to the appellees, William and Kathy Poore.

In November, 1973, the appellees were granted a permit to sell packaged beer at their store, Bill & Kathy's Superette. More recently, the appellees have constructed an addition to the store, in which they operate a small restaurant. On November 13, 1976, the appellees filed a petition with the appellant, asking that their license be amended to permit the sale of beer for on premises consumption at the restaurant. The Beer Board denied the petition, asserting that the sale of beer at that location would endanger the public health, safety, and morals of the County, and, furthermore, that the issuance of the amended permit had been objected to by Fred Chumley, the owner of a residential dwelling located within three hundred (300) feet of the restaurant. In 1975, the County had adopted a resolution pursuant to T.C.A. § 57–205 forbidding the sale of beer within three hundred (300) feet of a residence, provided that the owner of the residence entered a formal objection. The chancellor reversed the decision of the Board, holding that there was no evidence to support the Board's finding that the sale of beer at the location in question would pose any hazard to the safety or morals of the County. He further held that the application could not be refused on the basis of Chumley's objection, as the provision relied upon by the Board does not apply to locations where a license had been issued prior to the adoption of the implementing resolution. The Board has appealed his decision on both issues.

The pertinent portion of T.C.A. § 57–205 provides as follows:

Class A counties, by resolution of their county court, may forbid the sale of beer within three hundred (300) feet of a residential dwelling . . . provided the owner of the residential dwelling . . . objects to the issuance of such a permit or license. This provision . . . *shall not apply to locations* where beer permits or licenses have been issued prior to the date of adoption of such resolution by the county court. . . . [emphasis supplied]

The principal question presented is whether that clause of the cited statute making this provision inapplicable to "locations where beer permits have been issued prior to the date of adoption of such resolution by the County Court" renders the protest made to the issuance of the amended license ineffective. We concur with the chancellor's decision that it does. The only construction that we can give the cited language is that it removes from the ambit of this provision any application or petition made with respect to a location where a permit had been issued prior to the adoption of such a resolution by the County Court. In the instant case, it is undisputed that the appellees had a license to sell beer at the location in question prior to the adoption of the resolution by the Claiborne County Court.

The appellants also contest the finding by the chancellor that the sale of beer at this location would not endanger the public health, safety, or morals of Claiborne County. In cases involving beer permits, there exists on appeal a presumption of the correctness of the findings of the trial judge. Those findings will not be disturbed on appeal unless the evidence preponderates against them. *Coffman v. Hammer*, 548 S.W.2d 310, 311 (Tenn.1977). We do not find that the evidence preponderates against the decision of the chancellor on this question.

The decree of the chancery court is affirmed. Costs will be taxed against the appellants.

FONES, HENRY, BROCK and HARBISON, JJ., concur.