05-15-00388-CV

April 24, 2015

FILED IN
COURT OF APPEALS
APR 2 9 2015
LISA MATZ
CLERK, 5th DISTRICT

From — Ernest K Bankas

TO — Ms Lisa Matz

RE: Indigent Affidavit:

Be adviced that I am contemplating appealing the judgment that was handed down in respect to my quest to be granted a fee waiver. Hence it is the purpose of this humble note to ask for an ERRETUM...

I am also sending you a brief in support of my appeal.

If we decide not to appeal, the $195.00 will be paid as requered, although it will be a clear violations of my due process right under the US Constitution. Thanks.

Sincerly Yours,

Ernest K Bankas

42

Ernest K. Bankas : Case No. 05-15-00388-CV

Plaintiff : Fifth Court of Appeals

V : Dallas

. Texas

Maureen Bankas :

Defendant :

## *THE VIOLATION OF DUE PROCESS OF LAW:

## THE 14th AND 5th AMENDMENTS OF THE US CONSTITUTION WERE

## VIOLATED,

## *THE ENFORCEMENT OF THE INFIRM JUDGMENT IN CASE NO. DF-

## 09-13471 AGAINST ME ON APRIL 8th 2014 AND NOVEMBER19th 2014

## WAS UNCOSTITUTIONAL*

## BECAUSE I WAS NEVER SERVED OR GIVEN NOTICE OF THE TRIAL

## SETTING IN THE PRIOR JUDGMENT OF JUNE 2010 WHICH MEANS

## THAT

## I WAS DEPRIVED OF PROCEDURAL DUE PROCESS*

1

**<u>A Humble plea that the judgment in case no DF-09-13471\* be set aside</u>**

**<u>because it violated the 5th and the 14th Amendments of the US Constitution;the</u>**

**<u>Due process clauses of the US Constitution.</u>**

**<u>A</u>**

**<u>The statement of the case</u>**

**<u>If it may please the court:</u>**

**<u>I would like to implore or beg leave of the court to be guided by the principles</u>**

**<u>of good faith, good conscience and substantial justice in the examination of the</u>**

**<u>issues in the said case because</u>**

**<u>I was treated with a deliberate punitive measure without tolerance and</u>**

**<u>forbearance.</u>**

**<u>\*A PLEA FOR STATUS QUO ANTE QUA RESTITUTIO IN INTEGRUM</u>**

With the greatest respect to the court, this appeal is humbly being lodged

because I was unlawfully jailed twice, on the 8th of April 2014 and on the 19th of

November 2014, and my house was taken away from me, coupled with the fact that my bank accounts have been attached and my personal property secretly sold without DUE PROCESS OF LAW.

The main purpose for this appeal is to have my rights and position restored to me STATUS QUO ANTE;*which must be derived from the principle of RESTITUTIO IN INTEGRUM*, in view of the fact that Liberty is the absence of unreasonable restraint upon the existence of those social conditions which in modern civilization are the necessary guarantee of individual freedom, happiness and the opportunity to be heard and also to be protected by the laws of the realm. These principles have been carefully enshrined into the US constitution so that citizens of the United States will be guaranteed the opportunity to be their best selves. See Eg 5th Amendment and the 14th Amendment. (See also generally the Bill of Rights of the US Constitution and Clause 39 of Magna Carta 1215, which is 800 years old).

## STATEMENT OF THE CASE

Let it be known to the court that I had travelled to Ghana, West Africa, for the burial of my father Mr. JSK Bankas and also to attend to other pressing legal matters in regard to the intestacy of my father's estate when my constitutional due process right was blatantly violated. The crux of the matter is that while in Ghana a

3

hearing was conducted in the judicial district of Dallas County Texas behind my back without service of process or notice of trial setting. Thereafter a judgment was rendered against me IN ABSENTIA on June 1st 2010, wherein the custody of our children was awarded to Maureen Bankas, including our house, cars, personal property (personal effects) and other sentimental gifts worth $170,000.00. Furthermore in the same judgment a child support obligation or payment was reduced into an enforceable judgment against me without giving notice to Ernest K. Bankas, the person obligated to pay the said child support, which in Texas requires a strict adherence to proper notice and return of service; see In re ZJ.W.185 SW 3d 906,906 (Tex. App-Tyler 2006, no. pet..).

The said judgment ie case no DF-913471, was also loaded with blatant lies that I had formed a DOLUS EVENTUALIS or What some may refer to as MENS REA of coming back to the United States to Kidnap my children and then have them taken to Ghana for good. It was further falsely* stated in the judgment that I received the substitute service and that I was properly served but at same time also concluded that I was nowhere to be found, and that I had failed to come to court whereas in actual fact I was in the Republic of Ghana and thus was never served or given actual notice of the said pending legal matter and therefore I did not appear to implead Maureen Bankas. All these events took place whilst I was in Ghana in violation of the 14th Amendment section 1 of the US Constitution. As a matter of

4

fact, I was being charged or billed with child support and interest whilst I was in Ghana and thus did not even know of the said trial and judgment after 18 months.

When I came back from the Republic of Ghana, I went to our house but Maureen Bankas will not open the doors of the house to me for the locks on the doors had been changed as a result of the said INFIRM judgment of June 1st 2010, which was never communicated to me and therefore I had to move heaven and earth in order to find a place to live.

Let it be further stated more clearly that whilst in Ghana my BMW 740i, E 300 Benz car and a Dodge Caravan, 42 pairs of shoes, 12 suits, 105 shirts, 30 trousers, expensive African Kente cloth and two other expensive African clothes worth $5000.00 were sold .It is also important to note that my electronics with 8 speakers,120 old record albums, a family album, 250 CD's that I had bought before I met Maureen Bankas were auctioned to the public by my ex-wife. In other words everything that I had worked for had been lost including my office furniture which may still be in our house and may be worth $5,250.00.But Maureen Bankas blatantly lied under oath that when I was going to Ghana, I took everything out of the house and had these items shipped to Ghana and England. In this regard, I am willing to tell the court that Maureen Bankas' testimony must be characterized as SUGGESTIO FALSI. Furthermore the judgment in case no.DF-09-13471 was characterized with error of facts and error of evidence.

5

In fact when I was going to Africa, ie Ghana, I took only two travelling bags with me and this is supported by the affidavit which was duly submitted with my original bill of review*. The fact that I was never served or given notice of the trial setting is self- evident and thus EX-HYPOTHESI cannot be disputed in view of the force and thrust of the evidence that the plaintiff had already submitted to the court .(see the bill of review petition). All that I want as an injured person is that my position be restored STATUS QUO ANTE* in respect to what I had lost because I was deprived of my fundamental constitutional rights by the trial court. See Armstrong v Manzo, 380 US 545 550 1965; Mullane v Hanover Bank & Trust Co, 339 US 306 314.

With the greatest respect to the Fifth Court Appeals,* I am hereby humbly asking the court to consider the following important questions and issues in respect to the said case, and if these questions are answered in the NEGATIVE by seriously and carefully taking into consideration the US constitution ie, the 14th Amendment section 1, and the material facts involved in the dispute, a favorable judgment will certainly be rendered on my behalf. Let me state these questions and issues SERIATIM,

1. Can a state deprive any citizen of life, liberty or property without due process of law?

2. Can a citizen of the United States who happens to be living abroad in Ghana be put in jail without being accorded due process of law in violation of the 14th amendment section 1, of the Constitution in regard to a prior INFIRM judgment of June 2010; when he gets back to Texas?

3. Can a claim for child support be reduced to a judgment without proper notice or service of process being given to the person who is obligated to pay it?

4. Can a child support default judgment that is procedurally defective or void AB INITIO be enforced in violation of the Due process clauses of the US Constitution?

5. Can a child support payment be charged to a US citizen with interest while he is living abroad without notice or service of process or notice of judgment in violation of procedural due process?

6. Can a person be put in jail without being given a day in court in a prior hearing or trial to implead the accuser in violation of the 14th Amendment section 1, and the 6th Amendment?

7. Can a person's children and (property worth $170,000) be taken away from him without according him due process of law and can his personal property worth $70,000.00 be sold by Maureen Bankas because of the said INFIRM Judgment of June 1st 2010?

7

8. Can a US citizen's bank account be attached without being accorded a due process under the Constitution of the United States? ie, the 14th Amendment, section 1,?

9. As of today my rights even to visit with my children have been taken away from me in violation of the law and a restriction has been placed on my passport.

10. The assets involved in this said case are worth more than $380,000.00; and the marriage lasted for almost 27 years.

A careful reading of the US constitution will show that the above questions must be answered in the NEGATIVE because my due process right was blatantly violated. (See. The 14th Amendment section 1.)It is therefore submitted that the said judgment be set aside. See also Rule 329 b (f); Pennoyer v Neff, 95 US 714, 24 L Ed 565(1878); Mullane v Central Hanover Bank and Trust co.339 US 306 314 (1950); Armstrong v Manzo, 380 US 544 550 (1965).

*It should be noted IN LIMINE that the judgment in Maureen Bankas v Ernest K. Bankas, case no. DF-09-13471 is in conflict with the Supreme Court judgment in Mullane v Central Hanover Bank & Trust Co, 339 US 306 314 1950, as well as the 14th Amendment section 1 of the US Constitution and therefore must not be allowed to stand, for if this said judgment is litigated on appeal before the Supreme Court of the United states, it will undoubtedly be struck down as unconstitutional.

B

8

# THE US CONSTITUTION IS THE SUPREME LAW OF THE LAND:

## SOURCES OF THE LAW

The 14th Amendment is an entrenched constitutional provision and its prohibitions cannot be disregarded by any state and its agencies; see Georgia Power Co v city of Decatur,50 S.Ct. 369,281 US 505 74 L ED 999; thus

1. A state may not be allowed to abridge the privileges and immunities of citizens.

2. A state may not be allowed to deprive a person living in its jurisdiction of life, liberty or property without due process of law.

3. A state may not be allowed to deny to a person the 'equal protection of the laws'.

4. These said constitutional provisions must be followed by all judges without fail in order to promote the rule of law.

5. These prohibitions are undoubtedly an obligation and nothing else.

The 14th Amendment section 1, of the US constitution, (1868)*; provides that,

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall a state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

The 'due process of law implies that the right of the person affected thereby be present before a tribunal which pronounces judgment upon the question of life, liberty or property* in its most comprehensive sense, to be heard by testimony or otherwise and to have the right of controverting, by proof every material fact which bears on the question of fact or liability in the matter'. See Mullane v Central Hanover Bank & Trust Co, 339 US 306 314 1950.This means that where life, liberty and property are at stake substitute service cannot be used to satisfy the requirement of procedural due process or federally protected rights (the 5th and the 14th Amendments of the US Constitution) and more over substitute service does not bear any 'IDICIA OF RELIABILITY'*. See. Mullane v Central Hanover Bank & Trust Co, 70 SCt.652 94 L Ed. 865(1950), nor can an Ad Litem be appointed to satisfy the strict due process requirement of the case in dispute, since it may create an atmosphere whereby the plaintiff will have an advantage over the defendant in the judicial process by defeating the fundamental fairness normally required to promote the rule of law. This is because the Ad litem will have a limited knowledge about the case without first visiting with the defendant on the issues or

10

facts of the case, and therefore may create a PROTOTYPICAL BIAS against the defendant. Hence in my case the appointment of an Ad Litem* did not satisfy the procedural due process requirement of the law. See Mitchell v W.T. Grant Co, 416 US 600 604 1974; Armstrong v Manzo, 380 US 545 550 1965;

***In this regard, it is vital to remember that, where an 'individual is facing a deprivation of life, liberty, or property*PROCEDURAL DUE PROCESS MANDATES* that he or she must be adequately or properly notified or given an 'adequate notice', of a hearing, so as to be present before a tribunal, and be also entitled to a 'neutral judge'. Thus where a fundamental right is at stake, a court must adhere to procedural due process. Snyder v Massachusetts 291 US 97 105 (1934). Fuentes v Shevin, 407 US 67, 80 92 SCt. 1983, 32 L Ed 2d 556 1972 Pennoyer v Neff, 95 US 714, 24 L Ed. 565 (1878).

In Armstrong v Manzo, at 552, the Supreme Court observed INTER ALIA that,

"Where a person has been deprived of property in a manner contrary to the most basic tenets of due process.

Only wiping the slate clean would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place. Due process demands no less in this case".

What the Supreme Court is saying is that if due process is violated or denied in respect to life, liberty or property, there is the need that the person who is harmed be accorded STATUS QUO ANTE in order to restore him to his original position. I therefore appeal to the good conscience of the court to set aside the judgment in case no DF-09-13471. Because a federally protected right was blatantly violated. Peralta v Heights Medical Center Inc. 485 US 80 1988.

*A no fault divorce may be procured through substitute service but not when a fundamental right of life, liberty or property is at stake or deprivation of a right duly protected under the constitution is at issue. Armstrong v Manzo, 380 US 545 550 (1965).In other words "the due process clause demands no less in this case" Id at 552; Goldberg v Kelly 397 US 254 267(1970).Mullane v Central Hanover Bank and Trust Co, 339 US 306(1950).

It should be further noted that according to the US Constitution, the fundamental requisite of due process of law is to create an atmosphere whereby every individual is given the opportunity to be heard and to contest any charge that may be preferred against him or her and also to be fully aware or well informed that a legal matter is pending before a judicial authority. Thus where liberty or property right is recognized by virtue of a justified expectation and duly protected

12

under the US constitution, the procedure that must be followed in protecting such rights are defined by the US constitution and federal laws and treaties but not a state law. See. Peralta v Heights Medical Center Inc, 485 US 80 (1988).

The due process clauses of the 5th and 14th Amendments of the US Constitution require that every citizen must be accorded the right to be heard before being condemned to suffer harm or to be thrown into prison*. Courts in the United States have come to recognize that two aspects of due process exist and these are procedural due process and substantive due process. Procedural due process is crucial in every judicial process in America; because it guarantees fundamental fairness to all parties and also ensures that the litigating parties receive proper notification throughout the process of litigation and further ensures that the adjudicating court in a given state has the legally or constitutionally appropriate jurisdiction to render judgment*.Mullane v Central Hanover Bank& Trust Co., 339 US 306 314 1950.

The 5th Amendment due process applies to the Federal government but can also be applied directly through the14th Amendment due process clause to control or limit arbitrary governmental power of the states. ie through (incorporation).

To that end, it is herein submitted that failure to give me notice or notice of trial setting in Maureen Bankas v Ernest k. Bankas, case no. DF-09-13471 violated

the due process of law, ie the 5th and the 14th Amendments of the US Constitution and therefore the said judgment be set aside for it is unconstitutional. Peralta v Heights Medical center, Inc. 485 US 80 (1988); Armstrong v Manzo 380 US 544 550 1965; Mullane v Central Hanover bank & Trust Co, 339 US 306 314 (1950) ; Mitchell v W.T. Grant Co 416 US 600 604 (1974); Fuentes v Shevin, 407 US 67 79 S.Ct. 1983, 32 L Ed 2nd 566 1972.Thus based on US Supreme Court authorities or established precedents there was a clear violation of procedure due process in my case. This means that the guarantee of procedural fairness which flows from both the 5th and 14th Amendments of the US constitution was denied to me in the light of the fact that I was in Ghana and thus was never given any notice of the trial setting in sufficient detail to fully inform me of a pending legal proceeding or decision or state action that will negatively affect my right or property or liberty. Fuentes v Shevin, 407 US 67 79 S.Ct. 1983; Armstrong v Manzo, 380 US 545 550 1965; Mullane v Central Hanover Bank and Trust Co, 339 US 306 314 1950.

Again this said JUDGMENT certainly will be struck down if it is litigated before the Supreme Court of the United States in the light of the above authorities, and its well established precedents on due process of law. See Peralta v Heights Medical Center Inc. 485 US 80 (1988).Mullane v Central Hanover Bank and Trust Co 339 US 306 314 (1950).

C

14

# TEXAS LAW

## EQUITABLE BILL OF REVIEW

A bill of review may be defined as "an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for a new trial".Tex. R.Civ. P. 329 b(1); Calwell v Barnes,154 SW 3d 93 96 (Tex. 2004)( CALDWELL ii) Peralta v Heights Medical Center Inc. 485 US 80 86.108 SCt. 896,99 L Ed 2d at 96-97.It is here submitted that lack of service violates constitutional due process and obviates the need to proof any traditional elements. See. Caldwell, pp 96-97(per curiam).Hence if a petitioner proves that there was no service at all, the bill of review process is concluded, which means that the judgment in issue must be set aside and a new trial must be granted.

In Caldwell v Barnes, the Supreme Court of Texas ruled that "a defendant who is not served with process is entitled to a bill of review without a further showing because the constitution discharges the first element and lack of service establishes the second and third". See Ross v National Center for the development of the Disabled 49 Tex. SCt. 760,197 SW 3d 795 Tex. 2006. (Citing Caldwell). It should also be noted 'that similarly, if a party proves that service was defective, the

result is the same'. Id; According to the law a 'default judgment cannot stand in the absence of a valid service of process'.

The fact that a bill of review is an equitable attack on a default judgment or a judgment in violation of the due process clause of the 14th Amendment, supports a legal proposition that there is an established precedent that there will not be "a presumption in favor of valid issuance, of service or return of service". Nor will there be any presumption in favor of compliance with 'substituted service procedures'. Ashley Forest Apartments v Almy, 762 SW 2d 293,294-95 Tex. App-Houston (14th Dist. 1988 no Writ).

In Lopez v Lopez, the Supreme Court of Texas ruled that,

"Because the record here establishes that Guadalupe had no actual or constructive notice of the trial setting, the lower courts erred in requiring him to show that he had a meritorious defense as a condition to granting his motion for a new trial. The Supreme Court has recently held that such a requirement, in the absence of notice, violates due process rights under the Fourteenth Amendment to the Federal constitution .Peralta v Heights Medical Center, Inc. US 108 S.Ct. 896,99 Led 2d 75 1988".

In this respect the judgment in case no DF-09-13471 ie Maureen Bankas v Ernest k. Bankas is in conflict with Peralta v Heights Medical Center Inc, Pursuant

16

to Tex. R. App. P. 133(b) and therefore must be set aside since it is patently in violation of my constitutional due process right in view of the fact that I was never served or given notice of the trial setting and thus was not aware* of any pending legal matter; see 14th Amendment section 1; Armstrong v Manzo, 380US545 550 (1965).In fact, the said judgment was blatantly imposed on me as if I did not have any rights at all. In other words my fundamental constitutional rights were trample upon whilst I was in the Republic of Ghana without a service of process.

In Ross v National Center for Employment of the disabled, 197 SW 3d 795 (Tex 2006), the Supreme court of Texas ruled that,

"But the trial court had no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly* served nor appeared*. Accordingly we reverse".

More important "a party who becomes aware of the proceedings without proper service of process has no duty to participate in them". Caldwell, 154 SW 3d at 97 n.1."In my case I was not served nor was I aware of the proceedings and thus did not appear, hence the said judgment of June 1st 2010 be set aside. See Ross v National Center for employment of the Disabled, 197 SW 3d 795 (Tex. 2006)

"A defendant is not bound to take action until he has been duly served with process". Ross, Id. Hence anyone who is not aware of the pendency of a legal matter before a judicial authority has no duty to act and thus cannot be held responsible; which means that the court lacks jurisdiction to enter a judgment. See Caldwell v Barnes, 154 SW 3d 93 96, 97.


# D

# LACK OF PERSONAL JURISDICTION

# A VIOLATION OF MY FUNDAMENTAL CONSTITUTIONAL RIGHTS

# ARBITRARY DEPRIVATION OF PROPERTY*

It is crucial to state more clearly that lack of service or no service at all leads to lack of jurisdiction to enter a judgment and the publication of notice in a newspaper is ineffective to establish personal jurisdiction over the defendant. Pennoyer v Neff, 95 US 714 733 (1878); Caldwell v Barnes, 154 SW 3d 93 96-97 (2000) per curiam; Armstrong v Manzo, 380, US 544 550 (1965); Mullane v Central Hanover Bank & Trust Co 339 US 306 (1950). In other words a court must have jurisdiction in order to enter a validly enforceable judgment. Thus the claim that was made by Maureen Bankas in case no DF-09-13471 in respect to the

custody of our children, child support and community property ie our house at Sachse Texas, requires strict adherence to due process of law. See Peralta, 485 US 80 (1988); Armstrong v Manzo, 380 US 545 550 1965. This means that Ernest k. Bankas should have been given notice in sufficient detail that there is a legal matter pending before the Dallas district court that will have an effect on his life, liberty and property, Id. But this fundamental right was denied to Ernest K Bankas, because there is no evidence of actual service of process and return of service in regard to the said case. Mullane v Central Hanover Bank & Trust Co 339 US 306 314 1950. See also ('constitutional due process ', 14th Amendment section 1; and the 5th Amendment which is applicable through the 14th Amendment due process clause to limit the arbitrary power of the states).This means that where there is a clear evidence as in my case that there was no notice of a trial setting or actual service of process to inform me of the pendency of a legal action, then the US constitution mandates that the judgment in the said case must be declared unconstitutional and set aside. Peralta v Heights Medical Center 485 US 80 (1988).In this respect, the aim of the founding fathers was to allow surplus of justice, good faith and good conscience to overcome arbitrary and unnecessary pain*.see the 14th Amendment section 1;the 5th Amendment; see also Pennoyer v Neff, 95 US 714 24 L ED 565(1878). Mullane v Central Hanover Bank & Trust Co 339 US 306 (1950); Bell v Burson, 402 US 535,542.

19

There was therefore an egregious assault on the due process clauses of the US Constitution in regard to my case; for the judgment in the divorce decree,( case no. DF—09-13471) is repugnant to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution because I was not in the United States and thus was not given any notice of a legal matter that would have to be contested and therefore must be declared unconstitutional for it runs counter to civilized values and fundamental fairness. See. (Procedural due process).Snyder v Massachusetts, 291 US 97 105 (1934); Goldberg v Kelly 397 US 254, 267 (1970); Fuentes v Shevin, 407 US 67, 92 SCt. 1983, 32 L Ed 2d 556 1972.

With the greatest respect to the court of Appeal, Ernest K Bankas, hereby humbly requests the court to determine that the trial court in the first instance was without jurisdiction* to enter the said aggrieved judgment of June 1st 2010, case no DF -09-13471, since I was never given a day in court to confront my accuser. (Quasi criminal issues) Pointer v Texas 1965 380 US 400,406; US Constitution 6th Amendment; and in that context my due process was blatantly violated. See also Peralta v Heights Medical Heights Center. 485 US 80 1988.Mullane v Central Hanover Bank and Trust Co 339 US 306 314 1950.

The important question* that must be asked at this juncture is whether a hearing can be conducted and a judgment handed down against a US citizen who was then living in the Republic of Ghana IN ABSENTIA without notice of a trial

20

setting, and thereafter to have the said infirm judgment enforced by placing the plaintiff in this case behind bars without giving deference to the 14th amendment of the US Constitution, section 1? The answer must be in the NEGATIVE for the enforcement of the judgment in case no DF-09-13471 on the 8th of April 2014 and November 19th 2014 against me by Judge Lynn Cherry was a blatant violation of my federally protected rights. See. Mullane v Central Hanover Bank and Trust Co 339 US 306,314 1950; Armstrong v Manzo 380 US 545 550 1965.Peralta v Heights Medical Center Inc. 485 US 1988.Pennoyer v Neff, 95 US 714 24 L Ed.565 (1878); Bell v Burson, 402 US 535 542.

*Furthermore I was also maliciously prosecuted by Maureen Bankas and her counsel Mr. Ryan Bauerle, and therefore I have a cause of action against them. Ex-Parte Roosth, 881 S.W. 300 Tex. 1994; Hicks v Feiock 485 US 624 1988. As a matter of law, a person cannot be held in contempt for failing to perform an act that he is incapable of performing; and the 301st District court cannot hold a person in contempt for something that is beyond its power to order. Hicks v Feiock, 485 US 624 (1988). Thus if contempt is classified as quasi criminal in respect to child support obligation in order to influence the behavior of citizens* in Texas, then the US constitution affords greater safe guards in the contempt proceedings including the requirement that the offense be proved beyond a reasonable doubt. If this is

21

ignored as in my case, then there is a clear violation of due process of law *. Id 485 US 631-635.

In Peralta, the Supreme Court of the United States ruled INTER ALIA that,

"Even if no execution sale had yet occurred, the lien encumbered the property and impaired the appellant's ability to mortgage or alienate it; and state procedures for creating and enforcing such liens are subject to the strictures of due process, see Mitchell v W.T. Grant company,416 US 600 604( 1974);Hodge v Muscatine 196 US 276 281(1905). Here, we assume that the judgment against him and the ensuring consequences occurred without notice to appellant, notice at a meaningful time and in a meaningful manner that would have given him the opportunity to be heard. Armstrong v Manzo, supra at 552".

Thus in the light of the force and thrust of the judgment in Armstrong v Manzo, the said judgment in Maureen Bankas v Ernest K. Bankas case no DF-09-13471, must be declared unconstitutional for I was never served with a process and thus was not aware of the pendency of any legal matter before the said court and therefore the trial court lacked jurisdiction to enter that aggrieve judgment against me. See Caldwell v Barnes 2004 per curiam. The action of the 301st district court of Dallas Texas in regard to my case was repugnant to the 14th Amendment section 1; because our house, cars, personal property and other important personal effects,

were arbitrarily taken away from me; including the attachment of my bank accounts and the placement of restriction on my passport without service of process or notice of trial setting*. In sum my fundamental constitutional rights were trample upon and therefore the judgment in issue be set aside in order to allow justice to take a comfortable place in my case. Mullane v Central Hanover Trust & Co, 339 US 306 314(1950).

With respect, the trial court judge Lynn Cherry in the first instance abused her discretion by acting with a deliberate punitive measure to punish me and she treated me without tolerance and forbearance because she was reluctant to reverse her own infirm judgment. This inherently EX-HYPOTHESI resulted in a complete miscarriage of justice and therefore on point of law presents an exceptional circumstances that patently justify the setting aside of case no DF-09-13471, for again Judge Lynn Cherry's judgment clearly conflicts with Peralta v Heights Medical Center, 485 US 80 (1988) and In re ZJW, 186 SW 3d 906, 906 (Tex. App.- Tyler 2006,no. pet),respectively; and therefore must be declared unconstitutional.

23

## UNLAWFUL COVICTION OUT OF AN INFIRM OR

## UNCOSTITUTIONAL JUDGMENT OF 2010: CASE NO DF-09-13471:

## THE VIOLATION OF PROCEDURAL DUE PROCESS

It is humbly submitted that "a court may enter judgment against a non-resident only if the party is personally served with process while in the state; or has property within the state and that property is attached before litigation begins, ie "Quasi in rem jurisdiction". Pennoyer v Neff, 95 US 714 733 (1878). Furthermore, notice by publication is clearly inadequate to satisfy the due process clauses of the United States Constitution, particularly if a fundamental constitutional right is at stake. See (The 5[th] and the 14[th] amendments to the US constitution).Thus 'notice given to out of state parties by publication in a newspaper, when the parties' addresses were known is unconstitutional' in the light of the due process clause of the 14[th] amendment section1. See, Mullane v Central Hanover Bank and Trust Co.339 US 306, 70 S.Ct. 652,94 L Ed 865 (1950).Hence the enforcement of the said INFIRM judgment in Maureen Bankas v Ernest K. Bankas, case no DF-09-13471, against me on April 8[th] 2014 and November 19 2014, violated the 14[th]

Amendment section 1,of the US constitution because I was never served in the said prior judgment and never appeared and therefore I am pleading with the court that I should be accorded RESTITUTIO IN INTEGRUM for the days that I was kept behind bars at the Dallas county jail. To the candid mind, my federally protected rights were abused and trampled upon by Judge Lynn Cherry of the trial court in the first instance because I was never served. See the 14th amendment section 1.

In Mullane, Justice Jackson after having carefully considered the issues in the case ruled INTER ALIA thus,

"It will be idle to pretend that publication alone, as prescribed here is a reliable means of acquainting interested parties of the fact that their rights are before the courts*. It is not an accident that the greater number of cases reaching this court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspaper*. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside* the area of the newspaper's normal circulation, the odds that the information will never reach him are large indeed*. The chance of actual notice is further reduced when ,as here ,the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to

25

attention. In weighing its sufficiency on the basis of equivalence with actual notice, we are unable to regard this as more than a feint".( See the majority opinion).

On legal and logical grounds, substitute service must be characterized as a prototypical bias against the defendant and therefore must be accepted as a clear violation of procedural due process which stipulates that there should be fundamental fairness in any judicial proceedings, coupled with the need that every citizen must be given proper notice before being deprived of his or her liberty or be thrown into prison. In other words substitute service does not bear an adequate 'INDICIA OF RELIABILITY' and therefore may lead to a miscarriage of justice. Certainly in my case I did not receive fair and equitable treatment because I was never served and moreover I was in Ghana when my constitutional rights were violated. See, Mullane v Central Hanover Bank & Trust Co, 339 US 306(1950). Hence it is submitted that the said INFIRM judgment in issue be declared unconstitutional. Id.

Furthermore the US Supreme Court in the final analysis held in Mullane that,

"We hold that the notice of the judicial settlement of accounts required by the New York Banking law 100-C (12) is incompatible with the requirement of the fourteenth Amendment as a basis for adjudication depriving known persons whose

26

whereabouts are also known of substantial property rights. Accordingly the judgment is reversed and the cause remanded for further proceeding not inconsistent with this opinion". Id.

In this respect, what the Supreme Court was explaining to us was that notice must be reasonably calculated to adequately inform litigating parties ie the defendant of the pendency of a legal proceeding before deprivation at issue takes place before a local judicial authority and that substitute service is inadequate and therefore runs counter to the US constitution particularly if life, liberty or property can prima facie be determined to be at stake. Mullane v Central Hanover Bank and Trust Co, 339 US 306 314 1950.

Again, in Maureen Bankas v Ernest K. Bankas, ie in case no DF-09-13471, I was never personally served or given actual notice of the trial setting for I was then resident in the Republic of Ghana and therefore my constitutional due process right was violated, which means that the enforcement of the said INFIRM judgment against me by putting me in the county jail on the 19th of November 2014 and 8th of April 2014 is repugnant to the due process of law( the 5th 14th and 6th Amendments of the US constitution), and civilized values. Pointer v Texas, 380 US 400 406 (1965)*, and the reason being that I was deprived of the right to confront my accuser since a Child support obligation under Texas law is quasi

27

criminal in character. See, Hicks v Feiock , 485 US 624( 1988); Pointer v Texas,380 US 400,406.

In Hicks v Feiock, the US Supreme Court ruled INTER ALIA that,

"Nonetheless, if such a challenge is substantiated, then the labels affixed to the proceeding or to relief imposed under state law are not controlling and will not be allowed to defeat the applicable protections of federal constitutional law. Ibid. This is particularly so in the codified laws of contempt, where the civil and criminal labels of the law become increasingly blurred."

"These distinctions lead up to the fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protection that the constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt. See eg Gompers, supra at 444; Michaelson v United States ex rel. Chicago, St. P., m. & O.R. Co ,266 US 42 66 1924".Id 626.

Thus in the light of the fact that the civil and criminal aspects of contempt laws are increasingly blurred, judges in Texas* continue to use this loop hole to put fathers in jail by violating the due process clause since these judges follow the principle of mandatory presumptions instead of a fair prescriptive inferences, and it will be expedient if the legislatures in the country will repeal these laws in order to

promote the rule of law and to protect fathers right. Hicks v Feiock, 485 US 624 (1988), for we are not living in the historical epoch of 1850's where individual liberty was trampled upon with impunity. See the 14th Amendment section 1.(1868).

In fact, as has been noted elsewhere my constitutional rights, human rights and civil rights were violated because I was never served, and thus was not resident in Dallas Texas ie, the US when the hearing in dispute was conducted and a judgment was rendered against me in 2010.Again let it be submitted that I was in the Republic of Ghana when my constitutional due process right was violated. It will therefore be legally expedient if this case is investigated by the Attorney General* of the United States* in order to allow justice to take a comfortable place in my case. This is particularly so in view of the fact that my constitutional rights were blatantly abused and violated.

No citizen of the United States should be treated the way I was treated because we have a constitution that must be respected and enforced without fear or favor. The decision of the 301st Judicial District of Dallas Texas PRIMA FACIE, destroyed the opportunity to be my best self because my liberty was taken away from me in violation of the 5th 14th and the 6th Amendments of the US Constitution.

To be specific, Judge Lynn Cherry blatantly took away my legal right of uninterrupted enjoyment of life by putting me in jail for more than 145 days because of her INFIRM judgment of June 1st 2010, without giving deference to the thrust and force of the US Constitution. See, Mullane v Central Hanover TR Co 339 US 306 (1950); Georgia Power Co v City of Decatur,50 SCt. 369,281 505 74 L Ed 999; Armstrong v Manzo,380 US 544 550 1965;Peralta v Heights Medical Center Inc,485 US 80 (1988);Pointer v Texas 380 US 400 406 (1965), the confrontation clause of the 6th Amendment of the US constitution applies through the 14th amendment due process clause to limit state action that is arbitrary; Pointer v Texas ;see also Ross v National Center for the Development for the disabled, 197 SW 3d 795 (Tex. 2006) in respect to due process of law; Lopez v Lopez, 757 SW 2d 721 (1988).

All that is being humbly put across to the Appeal Court is that failure to give notice violates the most rudimentary demands of due process of law and this EX-HYPOTHESI cannot be disputed because of the well- established precedents of the US Supreme Court. See Mullane v Central Hanover Bank and Trust Co, 339 US 306 314(1950); Armstrong v Manzo, 380 US 545 550 (1965).Peralta v Heights Medical Center Inc, 485 US 80 1988,

The judgment of June 2010, DF-09-13471 by judge Lynn Cherry IN ABSENTIA, without according me due process is repugnant to the due process

30

clause and equal protection clause. It also violated the supremacy clause of the US constitution and therefore must be declared null and void in order for civilized values to take a comfortable place in the judicial process or in our hearts and minds.

It is forcefully submitted here that in Texas a Child Support obligation cannot be reduced to judgment without giving notice to the person obligated to pay it .See, In re ZJW,185 SW 3d 906 (906 Tex. App-Tyler 2006,no petition) United States v Fleming,556 SW 2d 87 90 (Tex. Civ. Appeal-El Paso 178. No writ); In re OAG Tex. App-Houston (14th august 19 2008).

As a matter of law, the Supreme Court of Texas has ruled that no one should be sent to jail if he does not have the wherewithal to pay his child support obligation, which means that it is the responsibility of the obligor to raise 'an inability to pay as a defense and to prove that inability by the preponderance of evidence'. See, Exparte Roosth 881 SW 2d 300 (Tex. 1994).In this regard, the state of Texas or the court as a matter of law cannot prove otherwise. Id. I did follow these principles to the letter and yet Judge Lynn Cherry violated my rights by putting me in jail. This is a blatant violation of my due process right under the US constitution. See Hicks v Feiock 485 US 624 (1988).

The judgment in Hicks v Feiock, 485 US 624(1988) already cited elsewhere, shows clearly that my constitutional due process right was violated when I was jailed, because if child support obligation is classified as patently quasi criminal in Texas then the US constitution requires that greater safeguards be given to the defendant under the 6th Amendment, whereby the contempt proceedings will be based on constitutional criminal law principles including the requirement that the contempt offense be proved beyond a reasonable doubt in view of the fact that Child support enforcement in Texas is quasi criminal. Id 485 US 631-635.In my case, I was not accorded any constitutional safeguards under the US constitution.ie the 6th Amendment, which means that judge Lynn Cherry was biased and blatantly ignored the force of the 6th amendment of the US Constitution with the intent just to punish me.

F

BEFORE A CHILD SUPPORT OBLIGATION IS REDUCED TO JUDGMENT, DUE PROCESS MUST BE ACCORDED TO THE PERSON OBLIGATED TO PAY IT:

Although already considered briefly elsewhere; it is worth emphasizing that there is a well-established precedent in Texas that a child support obligation cannot

32

be reduced to judgment without due process of law. Thus in In re OAG (Tex. App-Houston 14th dist. 2008) per Brown, the Appeal court rule that,

"A claim for child support may not be reduced to judgment without proper notice to the one who is obligated to pay it." United States v Fleming, 566 SW 2d 87 90 (Tex. Civ. Appeal-El Paso 178. No writ); therefore the OAG's lawsuit to establish paternity and order child support remains subject to the requirements of STRICT COMPLIANCE with the rules concerning proper citation and return of service. In re Z.J.W; 185 SW 3d 906, (906 Tex. App-Tyler 2006, no. petition). Thus the attempt by the office of the Attorney General to place a lien on the defendant's property and to impose child support on Bailey without notice in the case of (In re OAG Tex. App-Houston (14th Dist. August 19, 2008), was set aside and the lien wrongfully placed on his property was extinguished.

It is further submitted that a child support default judgment that is procedurally defective because of improper service or no service or notice is void and must be reversed. See Turner v Ward, 910 SW 2d 422 426 Tex. App-Texarkana, 1998. No pet. ).It is also worth noting that a trial court will hear a case, including child support, only after proper notice has been given to the parties. See Welborn-Hosler v Husler, 870 SW 2d 323 328 (Tex. App Houston (14th Dist., 1998 no writ; Turner V Ward, 910 SW 2d 425 428 (Tex. Civ. App-Fort Worth 1977.Hence the child support obligation that was imposed on me IN ABSENTIA,

33

in the said judgment on JUNE 1st 2010 without service of process is repugnant to the due process clause of the 14th Amendment section 1, and therefore must be set aside. In the main, the judgment against me is in conflict with In re Z.J.W. 185 SW 3d 906.(Tex. App- Tyler 2006,no. pet); and the 14th Amendment section1.

As has already been stated elsewhere, the trial court in Maureen Bankas v Ernest Bankas ( DF-0913 47, which handed down the said aggrieved judgment in June 2010, lacked jurisdiction and no man should be punished under a law that is repugnant to the US Constitution; Ex parte Sie bold, 100 US 371, 25 L Ed 717.

It is worth emphasizing again that no state nor any of its agencies may disregard the prohibitions of the fourteenth Amendment. Georgia Power Co V. City of Decatur, 50 SCt. 309, 281 US 505, 74 L Ed 999.Thus in spite of the above authorities a child support obligation was unconstitutionally imposed on me whilst I was in the Republic of Ghana, wherein my bank accounts were attached, my house was taken away from me and currently a levy has been issued against my real property in the county of Dallas. These actions are in violation of the due process of law in view of the fact that the said legal actions are subject to strict compliance with the 'rules of proper citation and return of service'(due process of law): Armstrong v Manzo, 380 US 544 550 1965; In Re OAG (Tex. App-Houston (14th Dist) August 19, 2008); Fuentes V Shelvin, 407 US 67 7992 SC.t 1983,32 L

Ed 2nd 566; Peralta v Heights Medical Center Inc. 485 US 80 (1988).Mullane v Central Hanover Bank and Trust Co 339 US 306 314 (1950).

It is here submitted that failure by the trial court to follow the US Constitution ie the 14th Amendment section 1, demands that the judgment of June 1st 2010 be declared unconstitutional.

## G.

## SUMMARY OF CONSTITUTIONAL ARGUMENT

## A PLEA THAT THE JUDGMENT OF JUNE 1st 2010 BE SET ASIDE BECAUSE IT IS IN VIOLATION OF DUE PROCESS OF LAW.

Liberty is the faculty of willing and doing what has been willed without any force from within and from without and rights are those conditions necessary for an individual to develop to become his best self, and these legal ideals have been carefully enshrined into the US Constitution (see the Bill of Rights) and the 14th Amendment of the US Constitution; by the founding fathers in order to promote the rule of law in the United States.

Let it be made clear also that an unconstitutional Act is not a law, it confers no rights, it imposes no protection, it creates no office, and it is in legal contemplation, as inoperative as though it had never been passed and must be

disregarded by all courts recognizing the US Constitution as the paramount law of the land. Wolf V. city of New Orleans, 103 US 358, 13 Otto 358 26 L Ed 395; see also Armstrong V Manzo, 380 US 544 350 1965; Mullane v Central Hanover Bank Trust Co 339 US 306 314 1950.Hence the taking of my house at Sachse, Texas away from me without due process of law is an arbitrary deprivation of substantial property right in violation of the US Constitution; Mullane v Central Hanover Bank & Trust Co,339 US 306 314 (1950);Fuentes v Shevin 407 US 67 92 SCt. 1983,32 L Ed 2d 556 1972, and PRIMA FACIE also in violation of my civil rights*. In fact, again it is submitted that I was treated as if I did not have any rights at all because the trial court deprived me of my fundamental constitutional rights.( see The 5th and the 14th Amendments of the US Constitution) and when I sent in a motion to inform the court that my due process right has been violated, judge Lynn Cherry ignored it and instead put me in jail. This is wrong and simply runs counter to civilized values and the spirit of the US Constitution.

It is important to emphasize one more time that the fundamental requisite of the due process of law is that every citizen must be given the opportunity to be heard in order to implead his or her accuser. Thus according to the US Constitution ie the 14th Amendment section 1, every citizen must be accorded the right to be heard before being condemned to suffer harm or grievous loss of any kind, ie, life, liberty and property. In my case, I was never given the opportunity to be heard and

36

never appeared before the said court to implead my accuser and therefore the judgment in the divorce decree of June 1st 2010, imposing child support on me and taking my children away from me is unconstitutional under the US Constitution and Texas Constitution respectively: see also In re ZJW, 185 SW 3d 906, 906(Tex. App-Tyler 2006. No pet)*; United States V Fleming, 565 SW 2d 87, 90 (Tex. Civ. Appeal-El Paso 1978, no writ; In re OAG (Tex.-App-Houston (14th Dist.) August 19, 2008: Armstrong v Manzo, 380 US 544 550 (1965)*.

Furthermore, in Peralta v Heights Medical Center, which was a Texas case, duly litigated before the Supreme Court of the United States in which Peralta's due process right was violated, the highest court of the land ruled as follows,

"Under our cases, a judgment entered without notice or service is constitutionally infirm*.An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality* is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of an action and afford them the opportunity to present their objections*."Mullane v Central Hanover Bank and Trust Co.339 US 306,314 1950*.Failure to give notice violates the most rudimentary demands of due process*Armstrong v Manzo, 380 US 545 550 1965."

37

In the light of these established precedents, the Supreme Court in the final analysis unanimously reversed the earlier decision of the Supreme Court of Texas because Peralta was not personally served or given notice of any pending legal matter as required by law. (The 14th Amendment Section 1).

I was also never actually served or given notice, and therefore it is here submitted that, as an injured US citizen, I should be accorded RESTITUTIO IN INTEGRUM, which must be applied to restore to me whatever I had lost STATUS QUO ANTE, for as a result of the said infirm judgment my house was taken away from me and whatever I had acquired ie my separate property had been sold. I was also put in jail in violation of the US Constitution. To be sure I lost over $170,000.00, and to date my BMW 740i, Benz E 300 and electronics with 8 speakers are nowhere to be found. Accordingly, the said matter has been reported to the FBI.

Again the judgment in case no DF-09-13471 is in conflict with Ross v National Center for the employment of the disabled 197 SW 3d 795 (Tex. 2006) as well as the Supreme Court judgment in Mullane v Central Hanover Bank & Trust Co 339 US 306 314 1950, hence the said judgment in issue be set aside or declared unconstitutional since it is in violation of the due process clause of the 14th Amendment section 1, of the US Constitution.

Another purpose of this brief is to beg leave of the Appeal Court or to appeal to the good conscience of the Appeal Court to follow the principle of STARE DECISIS ET QUIETA NON MOVERE.....meaning that the court 'must stand by things decided' and not disturb settled cases or well- grounded precedent in respect to the issues in this dispute because the US Constitution is UNIVOCAL and SUPREME. (See the Supremacy Clause, Article VI of the US constitution); and no one is above the law.

WHEREFORE, petitioner or plaintiff humbly prays the court to use its good offices to set aside the said judgment because I was never served nor given any actual notice of trial setting as required by due process of law under the US Constitution.

Respectfully Submitted,



Ernest K. Bankas, PhD in law, 2001, University of DURHAM, England UK,

SJD, 1990, SMU LAW SCHOOL Dallas, Texas. An international lawyer. Esq.

Pro se.

Certificate of Service

I hereby certify that a true and correct copy of the foregoing brief in support

of my Appeal was duly served on the defendant..........Day...... or to counsel on

record.

Declaration.

I Ernest K. Bankas do hereby declare under penalty of perjury that the above

foregoing statements in regard to the above case or judgment are true and

correct.......,and I live at 9750 royal lane 1317 Dallas TX 75231.

Executed on....April 24, 2017.........................

Signature.............................................

40

Notary Public... *Christi Merrell* ..........................

Signature *Christi Merrell* ..........................



Christi Merrell
Notary Public
STATE OF TEXAS
My Comm. Exp. Sept. 22, 2016